1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                               **DISTRICT OF NEVADA**

6   COREY WAYNE BOOTH,                         Case No.: 3:23-cv-00311-ART-CSD

7          Plaintiff,                                    **ORDER**

8   v.                                                Re: ECF No. 15

9   WASHOE COUNTY COMMISSIONERS,
    *et al.*,
10
           Defendants.
11

12         Before the court is Plaintiff's Motion for Appointment of Counsel. (ECF No. 15.) Plaintiff

13   states that he is unable to adequately present his claims without the assistance of counsel because

14   he is "attending intensive inpatient therapy, church, AA, and NA." (*Id.* at 2.)

15         While any *pro se* inmate such as Mr. Booth would likely benefit from services of counsel,

16   that is not the standard this court must employ in determining whether counsel should be appointed.

17   *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

18         A litigant in a civil rights action does not have a Sixth Amendment right to appointed

19   counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The United States Supreme

20   Court has generally stated that although Congress provided relief for violation of one's civil rights

21   under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to

22   federal court and not a right to discover such claims or even to litigate them effectively once filed

23   with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

1   In very limited circumstances, federal courts are empowered to request an attorney to

2 represent an indigent civil litigant.  The circumstances in which a court will grant such a request,

3 however, are exceedingly rare, and the court will grant the request under only extraordinary

4 circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986);

5 *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

6   A finding of such exceptional or extraordinary circumstances requires that the court

7 evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to

8 articulate his claims in light of the complexity of the legal issues involved. Neither factor is

9 controlling; both must be viewed together in making the finding.  *Terrell v. Brewer*, 935 F.2d 1015,

10 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has been able to

11 successfully articulate his claims.

12   In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

13          If all that was required to establish successfully the
           complexity of the relevant issues was a demonstration of
14          the need for development of further facts, practically all
           cases would involve complex legal issues. Thus,
15          although Wilborn may have found it difficult to
           articulate his claims *pro se*, he has neither demonstrated
16          a likelihood of success on the merits nor shown that the
           complexity of the issues involved was sufficient to
17          require designation of counsel.

18   The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying

19 the request for appointment of counsel because the Plaintiff failed to establish the case was

20 complex as to facts or law. 789 F.2d at 1331.

21   The substantive claims involved in this action are not unduly complex. Plaintiff's

22 Complaint was allowed to proceed on the Fourteenth Amendment claims relating to indifference

23 to medical needs and unsafe jail conditions against Washoe County Commissioners and the City

of Reno Municipality City Commissioners and the disability claim under the ADA and RA against

2

the Washoe County Commissioners, the City of Reno Municipality City Commissioners, and Darin Balaam. (ECF No. 5 at 14.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. Plaintiff has not provided any evidence, nor has he made any argument in his motion for appointment of counsel, showing that he is likely to prevail on the merits of his claim.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 15).

**IT IS SO ORDERED.**

Dated: May 22, 2024.

_____
Craig S. Denney
United States Magistrate Judge

3