UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

COREY WAYNE BOOTH,

Plaintiff,

v.

WASHOE COUNTY COMMISSIONERS, NAPHCARE MEDICAL, INC., WASHOE COUNTY SHERIFF,

Defendants.

Case No. 3:23-cv-00311-ART-CSD

ORDER ON MOTION FOR RECONSIDERATION (ECF No. 48)

Corey Wayne Booth, *pro se*, brought this civil-rights action under 42 U.S.C. § 1983 to redress alleged constitutional violations against him while he was housed at Washoe County Detention Facility. (ECF No. 5.) The Court dismissed this action without prejudice on August 15, 2024, based on Mr. Booth's failure to prosecute the action (ECF No. 37) and entered judgment on September 16, 2024 (ECF No. 41). That order was returned as undeliverable. (ECF No. 42.)

On April 18, 2025, Mr. Booth filed the present motion requesting that the Court reconsider the judgment entered against him. (ECF No. 48.)

The Court construes Mr. Booth's request as a motion for relief from judgment. Under Rule 60(b)(1), a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) motions must be made within a reasonable time, and no more than a year after the challenged judgment, order, or proceeding. Fed. R. Civ. P. 60(c)(1). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in

1

good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

The danger of prejudice here is slight. While the alleged harm at the center of Mr. Booth's complaint happened over two years ago, no discovery had been conducted when the case was terminated for failure to prosecute. County Defendants posit that this impacts the clarity of witness memories and a potential loss of evidence, resulting in potential prejudice. (ECF No. 50 at 5.) On the other hand, because the judgment occurred at such an early stage of the case, there will not be any duplicative efforts to re-do discovery. This factor weighs in favor of Mr. Booth.

Regarding the length of and reasons for the delay, Mr. Booth argues that he had difficulties receiving mail or filing responsive motions electronically for many months while he was at the Washoe County Homeless Services Nevada Cares Campus ("Campus"). He states that the Campus stole his belongings, including his phone and laptop, and legal materials for the case. (ECF No. 48 at 2.) He further states that he has recently been impacted by mental health challenges and substance abuse, making it difficult to focus on the day-to-day management of his case, and he has since sought treatment and support. (*Id.* at 3.) The Court recognizes that Mr. Booth's experiences at the Nevada Cares Campus and recent diagnoses impeded his ability to prosecute his case for seven months, which is less than the year-long deadline prescribed by Rule 60.

It appears that Mr. Booth's motion is pursued in good faith. While alternatives existed for him to continue prosecuting his case while homeless, including visiting the public library or courthouse in-person while he was residing in Reno, the challenges he faced indicate that he was not acting in bad faith, and once more stable, sought to prosecute his case. The Court therefore finds that the remaining factors balance in Mr. Booth's favor, and he qualifies for Rule 60(b)(1) relief.

It is therefore ordered that Mr. Booth's Motion (ECF No. 48) is GRANTED.

It is further kindly ordered that the Clerk reopen this action.

Dated this 18th day of February, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3